## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alderson

v.

Alexandria Hospital

October 3, 1996

Case No. (Law) CL960234

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Alexandria Hospital's demurrer to the motion for judgment alleging that it failed to use due care in granting privileges to a doctor to perform laparoscopic cholecystectomies and that, as a result, plaintiff was injured.

The Hospital has demurred on the grounds that there is no cause of action in Virginia against a hospital for "negligent credentialing," that the issue of credentialing of doctors is privileged by virtue of Code of Virginia, § 8.01-581.16, and that there is no allegation of negligence on the part of the doctor in performing the operation.

The demurrer will be sustained in part and denied in part.

The Court finds that there is a cause of action for negligence under the circumstances as alleged here. There are allegations of a duty owed, the breach of that duty, and an injury as a direct and proximate result. What is lacking is an allegation that the doctor's performance of the operation fell below the standard of care and thus was negligent. No cause of action would exist without such an allegation since the negligence in credentialing the doctor could not have been the proximate cause of plaintiff's injury unless the doctor negligently performed the surgery. Plaintiff's argument that if the doctor had not been credentialed and not able to perform the surgery, the plaintiff would not have been injured is without merit. If the doctor is not alleged to have acted negligently, there is no cause of action against the Hospital.

The claim of privilege or immunity from suit is based upon Code of Virginia, § 8.01-581.16, which grants immunity from suit to members of

committees, boards, groups, and commissions in performance of their duties in reviewing, evaluating, or recommending "the competency and qualifications for professional staff privileges." The immunity is limited to those acts not done in bad faith or with malicious intent. The question before the Court is whether or not such immunity extends to the Hospital itself.

The immunity does not extend to the Hospital absent an express legislative intent for such an extension. The language of the statute clearly grants immunity only to the individual members of the committees, groups, or boards, and not to the Hospital. Since the statute is in derogation of the common law in conferring such immunity, the statute must be strictly construed.

In addition, Virginia generally has not shielded principals in those cases where their agents were immune. *See, Worrell v. Worrell*, 174 Va. 11 (1939); Restatement (Second) of Agency, § 217(b)(ii).

The demurrer will be sustained insofar as the motion for judgment fails to allege negligence on the part of the doctor; however, it will be overruled as to the other grounds asserted.

Leave will be granted to the plaintiff to file an amended motion for judgment, if she chooses.